IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| BARBARA HARRIS, | ) | C/A 3:07-421-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| RICHLAND COMMUNITY HEALTHCARE ASSOCIATION and ISAAC W. WILLIAMS, Chairman of the Board of Directors, and individually, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Fifth Judicial Circuit, and was subsequently removed to this Court by the Defendants pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction.

Following the filing of an answer in which Defendants asserted counterclaims against the Plaintiff, and completion of discovery, the Defendants filed a motion for summary judgment on February 15, 2008, as to all of Plaintiff's claims pursuant to Rule 56, Fed.R.Civ.P. Plaintiff sought an extension of time to respond to this motion, and by order of the Court filed February 22, 2008 Plaintiff was granted until Tuesday, March 18, 2008, to file her response to the motion for summary judgment. However, that deadline passed with Plaintiff failing to ever file any response to the Defendants' motion for summary judgment. The Court thereafter held a status conference with counsel (telephonic) on May 5, 2008 to discuss the status of this matter, during which Plaintiff's



1

counsel advised the Court that Plaintiff has now been terminated from her job and was waiting on a right to sue letter in order to amend her Complaint to add a retaliatory discharge claim. Plaintiff's counsel further advised the Court that Plaintiff did not intend to pursue her other claims, and counsel agreed to attempt to draft a consent order allowing Plaintiff to add the retaliatory discharge claim as to the corporate Defendant only, with Plaintiff dismissing all of her other claims.[1]

This order was to have been forwarded to the Court for consideration by on or before Friday, May 16, 2008. However, that deadline passed with no filing having been received from the parties. Counsel for the parties were then contacted by the Court, and the Court was advised by Plaintiff's counsel that he would be filing a motion to amend by Tuesday, May 27, 2008. However, that date has now also passed, with no filing having ever been received by the Court.

In sum, Defendants assert in their pending motion that they are entitled to summary judgment as to all of the Plaintiff's claims, and they have set forth legal authority and submitted exhibits in support thereof. Defendants' motion for summary judgment has now been pending for over three (3) months, with no response or opposition thereto having been filed by the Plaintiff despite Plaintiff having been granted an extension of time in which to do so. Further, Plaintiff's counsel has orally advised the Court that Plaintiff does not intend to pursue these claims, and is instead going to pursue a separate claim for retaliatory discharge, although he has failed to file a motion to amend or an amended complaint asserting this claim.

Based on this case history, the lack of any opposition to Defendants' motion, and

---

[1]One of the originally named Defendants, Isaac Williams, is now deceased. See Court Docket Nos. 28, 41 and 42. Defense counsel was to inquire as to whether the Defendant Williams' estate intended to pursue his counterclaim, and if not the dismissal of the counterclaim was to be included in the consent order.



Plaintiff's counsel's representations to this Court, it is therefore recommended that the Defendants' motion for summary judgment be **granted**, and that Plaintiff's claims as set forth in the current Complaint be **dismissed**.

    The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 29, 2008



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

4

